UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL FRANCOIS (#116645)

VERSUS                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF                             NUMBER 13-594-JJB-SCR
CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 11, 2014.

                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL FRANCOIS (#116645)

VERSUS                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF                             NUMBER 13-594-JJB-SCR
CORRECTIONS, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion To Dismiss. Record document number 14. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections, Dr. William Hill and Dr. Ernest Beier, Jr. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs, and that Dr. Hill denied him medical attention in retaliation for complaining about the lack of treatment he received, all in violation of the plaintiff's constitutional rights.

For the reasons which follow, the defendants' motion should be denied.

**I. Factual Allegations**

Plaintiff alleged that on January 11, 2013, he made sick call

---

[1] Record document number 18.

complaining about gum bleeding and pain in two teeth.  Plaintiff alleged that on January 30, 2013, he had an appointment to have the two teeth extracted.  Plaintiff alleged that when he arrived for his appointment he asked Dr. Hill why he had not extracted the two teeth earlier since the doctor knew the teeth were in poor condition.  Plaintiff alleged that Dr. Hill became aggravated and asked the plaintiff if he had a problem to which the plaintiff responded in the affirmative.  Plaintiff alleged that Dr. Hill accused him of being hostile and belligerent, told him to get out of the chair and refused to provide him dental care.

Plaintiff alleged that on February 18, 2013, he submitted a sick call request seeking treatment for bloody gums and severe pain.  Plaintiff alleged that on February 22, 2013, he was seen by Dr. Beier.  Plaintiff alleged that Dr. Beier failed to provide any treatment, antibiotics or pain medication.

Plaintiff alleged that on March 5, 2013, he went to sick call for complaints of gum pain.  Plaintiff alleged that Dr. Beier prescribed antibiotics and pain medication and stated that he would remove the two teeth in two weeks.  Plaintiff alleged that he was not placed on call-out for a dental appointment after the two week period elapsed.

Plaintiff alleged that he lodged another complaint that Dr. Hill and Dr. Beier refused to extract his teeth in a timely manner and that he continued to experience bleeding gums and pain.

Plaintiff alleged that on April 16, 2013, he was examined by Dr. Beier.  Plaintiff alleged that he had to undergo another regimen of antibiotics before his teeth were extracted, which was done on April 23, 2013.

## II. Applicable Law and Analysis

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.[2]

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has

---

[2] The Louisiana Department of Corrections was not served with a summons and the complaint, and it did not participate in the defendants' motion to dismiss.

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. Deliberate Indifference

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*,

511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

### C. Retaliation

To prevail on a claim of retaliation, a prisoner must establish four elements (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Liberally construing the plaintiff's allegations as the court must, the plaintiff alleged that Dr. Hill and Dr. Beier were deliberately indifferent to his serious medical needs when they repeatedly delayed necessary dental treatment. In addition, the plaintiff sufficiently alleged that the defendants refused to provide him necessary dental treatment in retaliation for complaining about the dental care he did receive.

Plaintiff's allegations that the defendants were deliberately indifferent to his serious medical needs and retaliated against him are sufficient to state claims upon which relief can be granted.

5

### D. Louisiana Department of Corrections

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979);

*Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.

Plaintiff named the Louisiana Department of Corrections as a defendant. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion To Dismiss be denied.

It is further recommended that the claim against the Louisiana Department of Corrections be dismissed as frivolous and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, April 11, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE