UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL FRANCOIS (#116645)

VERSUS                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF                             NUMBER 13-594-JJB-SCR
CORRECTIONS, ET AL


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 30, 2015.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL FRANCOIS (#116645)

VERSUS

CIVIL ACTION

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL

NUMBER 13-594-JJB-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court are the defendants' Motion for Summary Judgment and the Plaintiff's Motion for Summary Judgment. Record document numbers 26 and 30, respectively.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections, Dr. William Hill and Dr. Ernest Beier, Jr. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs, and that Dr. Hill denied him medical attention in retaliation for complaining about the lack of treatment he received, all in violation of the plaintiff's constitutional rights.[1]

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. William Hill, Dr. Ernest

---

[1] Plaintiff's claims against the Louisiana Department of Public Safety and Corrections were previously dismissed. Record document number 29.

Beier, and Msgt. Don Fountain, copies of the plaintiff's medical and dental records, and the results of Administrative Remedy Procedure (hereafter "ARP") LSP-2013-0335. Plaintiff moved for summary judgment relying on a statement of undisputed facts and his Declaration Under Penalty of Perjury. Plaintiff also relied on copies of his medical records, a true copies of which were previously filed in the record.[2]

## I. Factual Allegations

Plaintiff alleged that on January 11, 2013, he went to sick call complaining about his gum bleeding and pain in two teeth. Plaintiff alleged that on January 30, 2013, he had an appointment to have the two teeth extracted. When he arrived for his appointment he asked Dr. Hill why the doctor had not extracted the two teeth earlier since the doctor knew the teeth were in poor condition. Plaintiff alleged that Dr. Hill became agitated and asked the plaintiff if he had a problem, to which the plaintiff responded in the affirmative. Plaintiff alleged that Dr. Hill accused him of being hostile and belligerent, told him to get out of the chair and refused to provide him dental care.

Plaintiff alleged that on February 18, 2013, he submitted a sick call request form seeking treatment for bleeding gums and severe pain. Plaintiff alleged that on February 22, 2013, he was

---

[2] Record document number 17-1.

seen by Dr. Beier. Plaintiff alleged that Dr. Beier failed to provide any treatment, antibiotics or pain medication.

Plaintiff alleged that on March 5, 2013, he went to sick call for complaints of gum pain. Plaintiff alleged that Dr. Beier prescribed antibiotics and pain medication and stated that he would remove the two teeth in two weeks. Plaintiff alleged that the two week period elapsed, and he was not placed on call-out for a dental appointment.

Plaintiff alleged that he lodged another complaint that Dr. Hill and Dr. Beier refused to extract his teeth in a timely manner and that he continued to experience bleeding gums and pain.

Plaintiff alleged that on April 16, 2013, he was examined by Dr. Beier. Plaintiff alleged that he had to undergo another regimen of antibiotics before his teeth were extracted, which was done on April 23, 2013.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation,

unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Medical Indifference Claims**

Plaintiff alleged that he was denied adequate dental treatment.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not provide a basis for a civil action under 42 U.S.C. § 1983 for violation of a constitutional right. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen,* supra. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

The summary judgment evidence showed that the plaintiff

4

suffers from periodontal disease, also known as gum disease.[3] Periodontitis causes the inner layer of the gum and bone to pull away from the teeth and form pockets which collect debris and can become infected.[4] Over time, periodontal disease causes tooth loss and other health problems.[5]

Plaintiff's medical records showed that on January 11, 2013, the plaintiff completed a Health Care Request Form complaining that two teeth were causing him pain and needed to be extracted.[6] Plaintiff was examined by medical personnel who found that there were no signs of abscess, swelling, trauma or distress to the plaintiff's teeth.[7] Plaintiff was prescribed Motrin® and was scheduled a follow-up appointment with Dr. Billy Cannon on January 22, 2013.[8]

Plaintiff's dental records showed that on January 22, 2013, the plaintiff was evaluated by Dr. Cannon, x-rays were taken, the plaintiff was prescribed antibiotics and Motrin® and was referred

---

[3] Record document number 26-7, p. 2, Affidavit of Dr. William Hill.

[4] *Id.*

[5] *Id.*

[6] Record document number 26-3, p. 3.

[7] *Id.*

[8] *Id.*

to Dr. Hill for extraction of two teeth.[9]

On January 30, 2013, the plaintiff went to the dental clinic but was removed by security personnel because he was hostile and belligerent.[10] On February 18, 2013, the plaintiff completed a Health Care Request Form complaining that his teeth were not extracted on January 30, 2013 as scheduled, that he had experienced pain since that date and requested a dental appointment to have the teeth removed.[11] Plaintiff's chart was reviewed by Dr. Cannon.[12]

Plaintiff's medical records showed that on February 21, 2013, the plaintiff was examined by Dr. Beier for complaints of loose and sensitive teeth.[13] Plaintiff was referred to Dr. Blunt for teeth extraction on April 23, 2013.[14] Dr. Beier also ordered that the plaintiff be administered pre-op medications beginning April 15, 2013.[15]

Plaintiff's medical records showed that on March 5, 2013, the plaintiff was examined by Dr. Beier who prescribed antibiotics and

---

[9] Record document number 26-4, p. 6, Dental Progress Notes.

[10] *Id.*

[11] Record document number 26-3, p. 5.

[12] *Id.*; record document number 26-4, p. 6.

[13] Record document number 26-4, p. 6.

[14] *Id.*

[15] *Id.*

6

ibuprofen.[16]  On April 4, 2013, the plaintiff completed a Health Care Request Form complaining that he was experiencing pain and that two teeth needed to be extracted.[17]  On April 8, 2013, Dr. Cannon reviewed the plaintiff's chart and noted the plaintiff's upcoming dental appointment in one week.[18]  Plaintiff was examined by Dr. Beier for a pre-surgery consultation on April 16, 2013.[19]  On April 23, 2013, Dr. Blunt extracted two of the plaintiff's teeth.[20]  A week later the plaintiff's sutures were removed without any complications.[21]

    The summary judgment evidence showed that neither defendant acted with deliberate indifference to the plaintiff's serious medical needs.  The summary judgment evidence showed that the defendants examined the plaintiff, prescribed antibiotics and pain medication and referred him for surgery to have the two teeth extracted.  Plaintiff's dissatisfaction with the treatment he was provided does not rise to the level of a constitutional violation.  Defendants are entitled to summary judgment on the plaintiff's deliberate indifference claims as a matter of law.

---

[16] Record document number 26-4, p. 4.

[17] Record document number 26-3, p. 9.

[18] Record document number 26-4, p. 6.

[19] *Id*. at 4.

[20] *Id*. at 3-4.

[21] Record document number 26-6, p. 4.

### C. Retaliation

Plaintiff alleged that on January 30, 2013, Dr. Hill refused to provide him dental care in retaliation for the plaintiff complaining that Dr. Hill had not extracted the plaintiff's two teeth during a prior visit.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions. *Woods*, 60 F.3d at 1166.

To prevail on a claim of retaliation, a prisoner must establish four elements (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing

an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299,310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendants' part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De*

9

*minimis acts* that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*).

The summary judgment evidence showed that on January 30, 2013, the plaintiff was escorted to the Dental Clinic for a dental appointment with Dr. Hill. Plaintiff conceded that upon entering the clinic he told Dr. Hill that "you messed me up." The summary judgment evidence showed that before the plaintiff even sat in the dental chair Msgt. Don Fountain removed the plaintiff from the clinic because he was hostile and belligerent.[22]

First, the Administrative Remedy Procedure is the proper mechanism for resolving disputes at the institutional level. Directly confronting a treating doctor in a hostile or belligerent manner with complaints about the care he has provided is not appropriate. Second, and more importantly, the summary judgment evidence showed that the plaintiff was removed from the clinic

---

[22] Record document number 26-8, affidavit of Msgt. Don Fountain.

because of his improper behavior.  Furthermore, the summary judgment evidence showed that within a week after the plaintiff again made a complaint regarding his teeth, he was examined and referred to a surgeon for extraction of the two teeth.  Defendant Hill is entitled to summary judgment on the plaintiff's retaliation claim as a matter of law.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted, the Plaintiff's Motion for Summary Judgment be denied, that this action be dismissed.

Baton Rouge, Louisiana, January 30, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE